Appeal of **E. ALICE JAMES.**                    Docket No. 461.

Real property was sold in 1920 for part cash, part notes and part the assumption of an existing first mortgage. *Held:* the entire profit from the transaction is taxable in 1920.

Submitted January 22, 1925; decided January 31, 1925.

*F. J. Sullivan, C. P. A.,* for the taxpayer.

*Benjamin H. Saunders, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, and TRUSSELL.

#### FINDINGS OF FACT.

The taxpayer resides in Wilmington, N. C.   On June 15, 1920, she sold a piece of real estate in Wilmington for a stated consideration of $22,500, consisting of $5,000 cash, $12,500 in notes secured by a second mortgage on the property, and the assumption by the vendee of a first mortgage for $5,000 then on the property.   The notes were paid, $8,500 in 1921, and $4,000 in July, 1923.   The profit included in the entire sale price of $22,500 was treated by the Commissioner as properly included in gross income at the time of sale in 1920, and as a result thereof a deficiency was determined amounting to $928.64, from which the taxpayer duly appeals.

#### DECISION.

The determination of the Commissioner is approved.

#### OPINION.

STERNHAGEN: The taxpayer, although not denying that the entire transaction was profitable, contends that the profit should be spread so that each payment received upon the notes would be treated as including a pro rata share of the income.   But there is no evidence before us from which we could infer that the property received in payment at the time of sale was not worth its face value.   The cash was worth $5,000, the release from the obligation of the first mortgage was worth $5,000, and the notes were *non constat* worth their full face value (*cf. Wolfson's Appeal,* 1 B. T. A. 538) and were in due course promptly paid.   We think, as in *Churchill's Appeal,* 1 B. T. A. 168, that the gain was realized in 1920, as determined by the Commissioner.